THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* BENJAMIN S. ENLOE *v.* THE AUDITOR OF PUBLIC ACCOUNTS.

*Motion for a Writ of Mandamus.*

It is competent for the legislature to repeal a law creating an office, before the expiration of the term of office of the incumbent; and after such repeal the officer is entitled to no further compensation, though his term of office, according to the provisions of the law under which he was appointed, has not expired.

AT this term of the Court, the relator filed the following affidavit, and moved that a rule be made upon the Auditor of Public Accounts, to show cause why a writ of *mandamus* should not issue to compel him to issue his warrant on the Treasurer, for $1237,82, the balance claimed to be due the relator, for his salary as Warden of the Penitentiary.

" Benjamin S. Enloe, being first duly sworn, deposes and says, that he was duly elected by the tenth General Assembly of the State of Illinois, and on the tenth day of February, 1837, was commissioned by the Governor of said State, as Warden of the Penitentiary, and was authorized and empowered by law, to hold and continue in the office of Warden of the Penitentiary of said State, for and during the term of two years, and until his successor should be appointed and qualified. This deponent further says, that having complied with the law in all respects, on the 6th day of March, 1837, he entered on the duties of said office, and continued in the discharge of the same, and that as such Warden of the Penitentiary of the State aforesaid, he was entitled to the sum of sixteen hundred dollars, which was appropriated to him by law, and of which sum the Auditor paid to this deponent the sum of three hundred and sixty-two dollars and eighteen cents; and there is now due to this deponent, as Warden aforesaid, the sum of twelve hundred and thirty-seven dollars and eighty-two cents. He also deposes that he made application to the Auditor of the said State, to issue to him his warrant for the same, which the Auditor refused, and still refuses to pay to this deponent, the same or any part thereof, or to issue his warrant therefor. And the deponent prays this Honorable Court to afford him such redress as justice may require.

BEN. S. ENLOE."

" State of Illinois, ⎰
    Fayette county. ⎱

I, Allen McPhail, an acting justice of the peace for said county, do hereby certify, that Benjamin S. Enloe, appeared before me and made oath to the within affidavit.

Given under my hand and seal, this 20th day of December, 1838. ALLEN McPHAIL, J. P., F. C."

The rule was granted, and the Auditor, by the Attorney General, filed the following answer:

"Benjamin S. Enloe &#125;   Rule to show cause why a Writ
v. The Auditor of  &#125;   of *Mandamus* should not issue.
Public Accounts.  &#125;

The said Auditor, by the Attorney General, comes and shows for cause why the said writ of *mandamus* should not issue, That in the year of our Lord, 1836, Jacob C. Bruner was appointed by the Governor of the State of Illinois, to supply the vacancy occasioned by the resignation of Stinson H. Anderson, Warden of the Penitentiary of said State, and in accordance with the tenor of such appointment, continued to hold such office until the 6th day of March, 1837, at which time the said Benjamin S. Enloe entered upon the duties of said office; that from the first day of January, in the year of our Lord 1837, to the 6th day of March, 1837, the said Jacob C. Bruner was entitled to, and drew from the Treasury of the said State of Illinois, the sum of one hundred and forty-five dollars and twenty-one cents, said sum being a part of the sixteen hundred dollars appropriated by the legislature for the salary of the Warden of the Penitentiary, for the years 1837 and 1838, and which is claimed by the applicant here.

And the said Auditor for further cause, shows to the Court here, that the said Enloe was a member of the 10th General Assembly of the State of Illinois, at which he was elected to the office of Warden of the Penitentiary, and at which, by the terms of the appropriation before referred to, the salary attached to the office of Warden of the Penitentiary, was raised from the sum of $600 per annum, to the sum of $800 per annum, and that the said Enloe continued to sit as a member of the 10th General Assembly, as aforesaid, to the end of the session thereof.

And the said Auditor further shows, that on the 21st day of July, in the year 1837, the legislature of the State of Illinois abolished the said office of Warden of the Penitentiary aforesaid; which office the said Benjamin S. Enloe then claimed to hold. By which act the said Enloe is entitled to no compensation more than, nor as much as, he has received, being the sum of $362,18, the salary attached to said office, by the said 10th General Assembly, from the said 6th day of March, 1837, to the said 21st day of July, 1837.

GEORGE W. OLNEY, Atty. General."

A demurrer was filed to the answer.

JOHN REYNOLDS, J. SHIELDS, and A. P. FIELD, for the relator, contended that,

An appointment to office is a grant, and cannot be revoked;

that the appointee has a vested right.    6 Cranch 87; 3 Peters' Cond. R. 309.

The appointment to office is a contract.    Trustees of Dartmouth College *v.* Woodward, 4 Wheat. 518; 4 Peters' Cond. R. 529.

An office is a right to exercise an employment.

The Auditor has no right to set up a constitutional objection to the appointment of Enloe to the office.    The Attorney General can test this question by *Quo Warranto,* but in no other way.

The appointing power has no authority to remove.    They cited Laws of 1831, 103; of 1833, R. L. 474-5;(1) of 1835, 52;(2) of 1836, 238; of 1836–7,(3) 4; 1837, July, 47.(4)

GEORGE W. OLNEY, Attorney General, for the respondent.

LOCKWOOD, Justice, delivered the opinion of the Court verbally, and concluded by saying, that the motion for a writ of mandamus must be denied, and the rule discharged.

*Rule discharged.*